IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JO ANN ANDERSON,                *

       Plaintiff,                  *

       v.                            *     CIVIL ACTION NO. PWG-13-3573

THE COUNCIL OF UNIT OWNERS OF    *
FRENCHMEN'S CREEK CONDOMINIUM,
                                      *

       Defendant.
                                  *****

## MEMORANDUM

On November 25, 2013, the Court received for filing this self-represented Complaint seeking $5,000,000.00 in damages, ECF No. 1, together with a Motion for Leave to Proceed in forma pauperis, ECF No. 2. Plaintiff's only income comes from social security and she possesses no assets except her home, valued at $24,000. *See* Motion 3–5, ECF No. 2. Therefore, her Motion for Leave to Proceed in forma pauperis shall be granted pursuant to 28 U.S.C. § 1915(a).

Jo Ann Anderson ("Anderson"), a resident of New Carrolton, Maryland, levels claims of negligence against the Council of her condominium owner's association. Compl. ¶ 3. She complains that the Council has accrued a debt of $1,000,000.00, resulting in fallen home value and negative equity in her condominium in New Carrollton, Maryland. *Id.* ¶ 2. In addition, she seemingly complains that defendant is responsible for: (1) sexual assault activity against her; (2) electrical, plumbing, and structural problems with her condominium; and (3) continued tampering with her mail and mailbox. *Id.* ¶¶ 2(b)–(d).

I am bound to liberally construe Anderson's Complaint. *See Haines v. Kerner*, 404 U.S.

519, 520 (1972). The federal district court, however, is a court of limited original jurisdiction and does not sit to review every claim related to alleged breach of contract, real property, or tortious conduct involving non-federal parties. Instead, it only has authority to review such state law claims filed pursuant to a federal district court's diversity of citizenship jurisdiction. When a party seeks to invoke diversity jurisdiction under 28 U.S.C. § 1332, she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998); *see also Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942)). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).

This means that because Plaintiff alleges her own citizenship to be in Maryland, Compl. ¶ 1; Motion 5, ¶ 13, Defendant must be neither incorporated in nor have a principal place of business in Maryland, *see* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). If Defendant is incorporated in Maryland, or has a principal place of business in Maryland, complete diversity does not exist and this Court lacks subject matter jurisdiction over the case.

The parties in this case are all listed with residency in Maryland, *see* Compl. ¶ 1, and thus do not appear "diverse." Therefore, Plaintiff has failed to establish grounds for the federal

district court's jurisdiction. Anderson's Complaint shall be dismissed without prejudice. However, Plaintiff may file a supplement to her Complaint on or before Janurary 6, 2014, addressing the deficiencies explained above and explaining how this Court has jurisdiction. This dismissal, of course, does not prejudice Anderson's right to re-file this claim in the Maryland state courts.

A separate order follows.

Date: December 6, 2013.

/s/ Paul W. Grimm
Paul W. Grimm
United States District Judge